### HODDER vs. SHEPHERD & AL.

Suit against a third possessor by a forced heir for his *legitime*, cannot be brought until the donees or legatees property be first discussed.

APPEAL from the court of the first district.

The plaintiff claimed the legitime of the estate of her brother, Edward Pearse, as forced heir of their common mother, who, surviving, was the forced heir of her son Edward. She also claimed by virtue of the will of her mother, as her universal legatee. The defendant was a third possessor of the estate claimed, and derived title from the universal legatee, under the will of Edward Pearse. There was judgment for the plaintiff, and the defendant's warrantor appealed.

*Livermore*, for appellant.

By the Code of 1808, art. 26, it is provided, that a donation exceeding the disposable portion is not null, but only reducible: and the art. 29, points out the mode in which the reduction shall be made. Against whom should the action be regularly brought? Against the donee, for he alone is competent to litigate the matter, and to show the amount of property and debts. But by article 39, an action is given against the third possessor—in what manner? Only after a discussion of the property of the donee. All the property of Pearse was given to Nelder, and this donation was originally and *prima facie* valid. It was however exorbitant, and subject to reduction. But so long as the

mother of Pearse did not sue for a reduction, he might dispose of the property. The title of his vendee would be good so long as a reduction was not sued for, and so long as he had sufficient property to pay the legitimate part. Until an action has been brought against him, an execution taken out against his property, and that remedy found insufficient, the person entitled to the legitime, cannot come upon the third possessor. The property is indeed hypothecated, and liable for the deficiency; but that deficiency must be legally established. When that has been done, recourse may be had upon the property alienated. C. C. art. 38, 37, p. 216.

*Hennen*, for appellee.

MARTIN, J. delivered the opinion of the court. This is a suit against a third possessor by a forced heir, for two undivided thirds of a plantation and slaves, being the legitime or portion of which the deceased could not dispose. The plaintiff had judgment, and the defendant, warrantor appealed.

We think the suit was prematurely brought, the donee or legatee's property not having been first discussed. This was a condition

HODDER
*vs.*
SHEPHERD & AL

precedent under the former *Code*, 216, *art.* 37, and is so under the *new*, 1504.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled and reversed, and that there be judgment against the plaintiff and appellee, as in case of non-suit, with costs in both courts.